UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY M. WRIGHT,

    Plaintiff,

v.                                       CASE NO: 8:07-cv-1885-T-23MAP

BUSH ROSS, P.A., et al.,

    Defendants.
_____/

## **ORDER**

The plaintiff sues the defendant Lake Padgette Estates East Property Owners Association, Inc., ("Lake Padgette") and Gail M. D'Andrea ("D'Andrea") pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. (the "FCCPA").[1] The plaintiff alleges that Lake Padgette and D'Andrea violated Section 559.72 of the FCCPA in a January 26, 2006, letter seeking to collect periodic assessments on the plaintiff's property, which (Doc. 1 ¶ 11) "is subject to certain recorded restrictions, including the obligation of property owners to pay periodic assessments to [Lake Padgette]." Lake Padgette moves (Doc. 10) to dismiss the plaintiff's claims for failure to state a claim on which relief may be granted, and the plaintiff responds (Doc. 19) in opposition.

---

[1] The plaintiff also sues (Doc. 1 ¶ 13) Bush Ross, P.A., ("Bush Ross") and its alleged agents or representatives Steven H. Mezer ("Mezer"), Meredith A. Freeman ("Freeman"), and Saveha L. Franklin ("Franklin") under the FCCPA and sues (Doc. 1 ¶ 11) Bush Ross, Mezer, and Freeman under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA").

On a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the complaint's factual allegations are assumed true and construed most favorably to the plaintiff. Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The Federal Rules of Civil Procedure include no requirement that the plaintiff detail the facts upon which the plaintiff bases a claim. Instead, Rule 8(a) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." Twombly, 127 S. Ct. at 1965 (citations omitted).

Section 559.72, Florida Statutes, prohibits any person from engaging in enumerated practices in collecting "consumer debts," and Section 559.55 defines a consumer debt:

> "Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

The definition of debt in the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), is identical, see 15 U.S.C.A. § 1692a(5), and courts interpreting the FCCPA give "due consideration and great weight" to federal court interpretations of

- 2 -

the FDCPA.[2] The FCCPA's requirements are "in addition to the requirements and regulations of the federal act," and the FCCPA accordingly requires that "[i]n the event of any inconsistency between [the FCCPA and the FDCPA], the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. § 559.552.

Lake Padgette first contends that the FCCPA is inapplicable because Lake Padgette is not a "debt collector." However, unlike the FDCPA, Section 559.72 does not require the alleged wrongdoer to be a "debt collector." Instead, Section 559.72 imposes liability on any "person" who performs certain prohibited acts while collecting consumer debts.[3]

Lake Padgette further contends that the January 26, 2006, letter cannot violate Section 559.72 because the assessments on the plaintiff's property discussed in the letter are not "consumer debt" under the FCCPA. The only Florida appellate court to directly address the issue supports Lake Padgette's contention. Bryan v. Clayton, 698 So. 2d 1236, 1237 (Fla. 5th DCA 1997), rev. denied, 707 So. 2d 1123 (Fla. 1998), cert. denied, 524 U.S. 933 (1998), holds that the FDCPA and FCCPA's definition of debt excludes maintenance assessments owed to a homeowner's association. However, the plaintiff argues that Florida's highest court, if ruling today, would disapprove Bryan and

---

[2] See Fla. Stat. § 559.77(5) ("In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act.")

[3] See Schauer v. GMAC, 819 So. 2d 809, 812 (Fla. 4th DCA 2002); see also Jones v. TT of Longwood, Inc., No. 6:06-cv-651, 2006 WL 2789140 at *5 (M.D. Fla. Sept. 26, 2006); Cole v. Lobello Painting, Inc., No. 8:06-cv-2171, 2007 WL 2330860, at *3 (M.D. Fla. Aug. 14, 2007) ("The FCCPA differs from the FDCPA, in part, in that it prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.'").

hold that homeowner and condominium owner's maintenance assessments qualify as "debt" under the FCCPA.[4]

Bryan's interpretation of the FCCPA relies partly on the persuasive authority of early federal district court decisions interpreting the FDCPA, and these decisions have been reversed or disapproved by later decisions. The federal decisions cited in Bryan followed dicta in Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1168 (3d Cir. 1987), that the only transaction that creates a "debt" under the FDCPA is "one involving the offer or extension of credit to a consumer." However, Zimmerman's "extension of credit" analysis is thoroughly discredited. The United States Courts of Appeals for the Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits[5] find Zimmerman's "extension of credit" analysis inconsistent with both the plain meaning and the legislative history of the FDCPA . Even the Third Circuit rejects Zimmerman's "extension of credit" analysis and holds that, according to the plain meaning of the statute, "a 'debt' is created whenever a consumer is obligated to pay money as a result of a transaction whose subject is primarily for personal, family or household purposes. No 'offer or extension of credit' is

---

[4] A federal district court applying state law is bound by the decision of a state intermediate appellate court "unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." West v. Am. Tel. & Tel. Co., 311 U.S. 223, 237 (1940); see also Twiss v. Kury, 25 F.3d 1551, 1557 (11th Cir. 1994); Geary Distrib. Co., Inc. v. All Brand Imps., Inc., 931 F.2d 1431, 1434 (11th Cir. 1991); Watson v. Dugger, 945 F.2d 367, 369-370 (11th Cir. 1991).

[5] Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1324-29 (7th Cir. 1997); Duffy v. Landberg, 133 F.3d 1120, 1122-24 (8th Cir. 1998), cert. denied, 525 U.S. 821 (1998); Charles v. Lundgren & Assoc., P.C., 119 F.3d 739, 741-42 (9th Cir. 1997), cert. denied, 522 U.S. 1028 (1997); Snow v. Jesse L. Riddle, P.C., 143 F.3d 1350, 1352-53 (10th Cir. 1998); Brown v. Budget Rent-A-Car Sys., Inc.,119 F.3d 922, 923-25 (11th Cir.1997); see also Romea v. Heiberger & Assocs., 163 F.3d 111, 115 (2d. Cir. 1998) (noting that "four other circuits have disavowed Zimmerman's dicta.").

required."[6]  Further, federal courts rejecting Zimmerman's "extension of credit" analysis as inconsistent with the FDCPA's broad definition of "debt" consistently hold that condominium assessments and homeowners' association fees are "debts" under the FDCPA.[7]  The Florida Supreme Court, if ruling today, would accord "great weight" to these federal court decisions interpreting the FDCPA, see Fla. Stat. § 559.77(5), and would interpret the FCCPA definition in the same way.

That Bryan declined to follow the emerging federal trend compels no different result.  After the Seventh Circuit decided Newman v. Boehm, Pearlstein & Bright, Ltd., 119 F.3d 477 (7th Cir.1997), the appellants in Bryan moved to stay or recall the mandate.  Newman (1) affirmed the Seventh Circuit's recent rejection of the Zimmerman dicta and concluded that extension of credit is not requisite to the existence of a debt covered by the FDCPA, (2) reversed one of the cases on which Bryan relied and expressly declined to follow the others, and (3) held that homeowner's association and condominium assessments qualify as "debts" under the FDCPA.  However,

---

[6] Pollice v. Nat'l Tax Funding, LP, 225 F.3d. 379, 401 (3d Cir. 2000); see also Newburger & Barron, Fair Debt Collection Practices Act: Federal and State Law and Regulation ¶ 1.02[1] ("At this point, even the Third Circuit has rejected its own dicta in Zimmerman, and the 'extension of credit' defense . . . appears to be truly dead.").

[7] See e.g., Newman v. Boehm, Pearlstein & Bright, Ltd., 119 F.3d 477, 482 (7th Cir. 1997) (past-due assessments owed to condominium and homeowners association are "debts" under the FDCPA); Ladick v. Van Gemert, 146 F.3d 1205, 1207 (10th Cir. 1998) (assessment owed to condominium association is a "debt" under the FDCPA), cert denied, 525 U.S. 1002 (1998); Thies v. Law Offices of William A. Wyman, 969 F. Supp. 604, 607-608 (S.D. Cal. 1997) (homeowner association fees for maintenance and improvement of common areas within a housing development are "debts" under the FDCPA); Williams v. Edelman, 408 F. Supp. 2d 1261, 1266-68 (S.D. Fla. 2005) (condominium assessments are "debts" under the FDCPA); see also Agan v. Katzman & Korr, P.A., No. 03-62145, 2004 WL 555257, at *1 (S.D. Fla. Mar. 16, 2004) (condominium assessments are "debts" under the FDCPA); Garner v. Kansas, No. 28-1274, 1999 WL 262100, at *2 (E.D. La. Apr. 30, 1999) (condominium fees are "debts" under the FDCPA); Caron v. Charles E. Maxwell, P.C., 48 F. Supp. 2d 932, 934 (D. Ariz. 1999) (condominium fees are "debts" under the FDCPA).

notwithstanding <u>Newman</u>, <u>Bryan</u> declined to recall the mandate.  <u>Bryan</u>, 698 So. 2d at 1237.

<u>Bryan</u> implied that its holding was supported by grounds other than the discredited <u>Zimmerman</u> dicta.  However, <u>Bryan</u> failed to explain or identify those grounds.  Nor did <u>Bryan</u> address the conflict between (a) the Seventh Circuit's view (which the overwhelming weight of federal authority supports) that the FDCPA's broad definition of "debt" is plain and unambiguous, <u>see</u> <u>Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.</u>, 111 F.3d 1322, 1324-29 (7th Cir. 1997), and (b) <u>Bryan</u>'s view that "the statute has no plain meaning and its intent is anything but crystal clear."  698 So. 2d at 1237.  Instead, without explanation <u>Bryan</u> rejected <u>Newman</u>'s conclusion that the purchase of a condominium is a "consumer transaction" and expressed a doubt (which proved to be mistaken) that whether a condominium maintenance assessment is a "'consumer debt' subject to the Fair Debt Collection Practices Act turns on whether the [condominium] unit was originally purchased for 'personal, family, or household' purposes."  698 So. 2d at 1237-38.  <u>Bryan</u>'s failure to address this conflict and to explain its disagreement with <u>Newman</u> suggests that <u>Bryan</u> resulted (like the early federal decisions on which it relied) from a misreading of the plain language of the statute.

In short, recognizing <u>Bryan</u>'s reliance on discredited federal decisions misinterpreting the plain meaning of an identical statutory definition[8] and according

---

[8]  <u>Bryan</u> cited <u>Riter v. Moss & Bloomberg, Ltd.</u>, 932 F. Supp. 210 (N.D. Ill. 1996), <u>rev'd sub nom</u>. <u>Newman v. Boehm, Pearlstein & Bright, Ltd.</u>, 119 F.3d 477, 480 (7th Cir. 1997); <u>Vosatka v. Wolin-Levin, Inc.</u>, No. 94-C-4129, 1995 WL 443950 (N.D. Ill. July 21, 1995), which <u>Newman</u>, 119 F.3d at 480, disapproved; <u>Azar v. Hayter</u>, 874 F. Supp. 1314, 1318 (N.D. Fla. 1995), <u>aff'd</u>, 66 F.3d 342 (11th Cir.1995), <u>cert. denied</u>, 516 U.S. 1048 (1996), whose rationale

(continued...)

"great weight"[9] to the prevailing federal authority interpreting the FDCPA, the Florida Supreme Court, if ruling today, would (1) disapprove Bryan; (2) conclude that under the FCCPA a "debt" is created whenever a consumer is obligated to pay money as a result of a transaction whose subject is primarily for personal, family or household purposes; and (3) hold that homeowner and condominium owner's maintenance assessments qualify as "debt" under the FCCPA.  Accordingly, Lake Padgette's motion to dismiss (Doc. 10) is **DENIED**.

ORDERED in Tampa, Florida, on January 18, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

(...continued)
was rejected in Brown v. Budget Rent-A-Car Sys., Inc., 119 F.3d 922, 924 (11th Cir. 997), see also Williams v. Edelman, 408 F. Supp. 2d 1261, 1267 (S.D. Fla. 2005) ("While the Eleventh Circuit has not directly overruled Azar, its reasoning in Brown . . . suggests that Azar's holding no longer represents good law.); Nance v. Petty, Livingston, Dawson & Devening, 881 F. Supp. 223 (W.D. Va. 1994), which a post-Newman decision of another district court in the Fourth Circuit declined to follow, see, e.g., Taylor v. Mount Oak Manor Homeowners Ass'n, Inc., 11 F. Supp. 2d 753, 754-55 (D. Md. 1998); and Archer v. Beasley, No. 90-2576 (CSF), 1991 WL 34889 (D.N.J. Mar. 5, 1991), whose rationale was rejected in Pollice v. Nat'l Tax Funding, LP, 225 F.3d. 379, 401 (3d Cir. 2000).

[9] Fla. Stat. § 559.77(5).  One court has also suggested that Section 559.552 (which requires that "[i]n the event of any inconsistency between [the FCCPA and the FDCPA], the provision which is more protective of the consumer or debtor shall prevail") "casts doubt on the continued viability of the decision in Bryan v. Clayton as it applies to FCCPA." Agan v. Katzman & Korr, P.A., No. 03-62145, 2004 WL 555257, at *1 n.1 (S.D. Fla. Mar. 16, 2004).